## Prospect Park Borough.    Appeal of Charles F. Oesterle, Jr., et al.

*Boroughs—Incorporation of boroughs—Farm land.*

The question of necessity or expediency of incorporating a village and adjacent territory into a borough, does not depend so much upon the will of a majority of the freeholders residing outside the limits of the proposed borough, or upon the unanimous consent of those residing within the proposed lines, as it does upon the fact that the advantages to the whole people, as a community, will overbalance the disadvantages.

The mere fact that lands are used for farm purposes, even though exclusively so used, is no reason why they should not be included within the limits of a borough.

Argued Feb. 12, 1895.    Appeal, No. 107, July T., 1894, by Charles F. Oesterle, Jr., et al., from order of Q. S. Delaware Co., on petition for incorporation of borough.    Before STERRETT, C. J., McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Petition for incorporation of borough.

The case was referred to Orlando Harvey, Esq., as master, who reported inter alia as follows:

" An exception filed by the Folsom Land Company is to the effect that neither the petition nor plan attached fairly shows to the court the lands intended to be embraced in the borough limits ; that the names of the owners of properties embraced in said limits are not given and the boundaries and lines of the lands embraced within said limits are not shown, nor the number of acres contained in any of the tracts embraced therein ; and further that one of the boundary lines for a long distance is made the middle of a public road called the Amosland road, another the middle of another public road called the Darby and Chester Turnpike road.

" The master has considered all these exceptions and cannot find that any of the allegations contained in them would justify the setting aside of the finding of the grand jury and the dismissal of the petition.   Moreover, none of these exceptants, other than the Folsom Land Company, are "resident freeholders," and it is doubtful whether, in view of this fact, they have any standing in court as exceptants.

The petitioners for exclusion are Charles Leedom, estate of Thomas T. Tasker, The Folsom Land Company, estate of William F. Simes and A. A. Hirst and others.

" The Leedom, Tasker, Folsom Land Company and Simes' tract are asked to be excluded principally because they are farm lands and do not properly belong to the proposed borough and are not necessary to its general symmetry.   It is asked that the Hirst lands, known as the Woodlawn tract be excluded because said tract is laid out for a village, and does not belong to the village of Prospect Park, and that a tract of open farming country separates the two villages.

" In considering these petitions for exclusion great weight ought to be given to the general necessities for incorporation and to the consideration of the question whether such lands properly belong in the incorporated district.   Unless it is clearly shown that lands used exclusively for farming purposes do not properly belong to the town or village to be incorporated the court has no power to exclude them : Borough of Collingdale, 4 Del. Co. Rep. 595 ; Duquesne Borough, 147 Pa. St. 58.

" From the cases upon the subject it clearly appears that in considering applications for exclusion of farm lands certain effects that would result therefrom should be taken into con-

sideration, such as making the borough too small and thus imposing too heavy a burden of expense upon it; affecting the general symmetry of the borough; interfering with access to schools, railroad stations and other public places of assembly; carving the lands out in such a way as to separate them entirely from the township to which they belong and leaving them without means of ingress and egress by land except over the streets of the borough; depriving the borough of control over territory where nuisances are likely to exist.

" Under a careful consideration of the testimony, and a view of the premises, the master is forced to the conclusion that it would not be proper to exclude these several tracts of land from the proposed borough, especially in view of the fact that the grand jury, after a careful consideration of the matter, have recommended its incorporation as petitioned for.   The action of the grand jury is not controlling upon the court, but it is to be taken as a very great assistance in determining disputed questions of facts.   Although not conclusive, the action of the grand jury is not by any means to be disregarded as of little weight or importance to the court in reaching its judgment: Edgewood Borough, 130 Pa. St. 354.

" The Leedom and Tasker tracts have, it is true, been used to a certain extent for farming or grazing purposes.   The testimony does not satisfy the master that the Simes and Folsom Land Company tracts are used for farming purposes.

" The Leedom and Tasker tracts should become a part of the proposed borough because they are necessary to its symmetry, because they afford outlets to the creek, because they would shut off streets and give them dead ends, and because in the Leedom case the borough should have control at Darby creek in order to regulate nuisances alleged to exist there.   If the Tasker tract were excluded it would become detached territory and shut off on all sides.   On the east it would be bounded by lands of Norwood borough, on the west and north by lands included within the lines of the proposed borough and on the south by Darby creek, upon the other side of which is the township of Tinicum.

" The Simes tract is the property known as the White Horse Hotel.   As before stated, the testimony does not satisfy the master that this is used exclusively for farm land.   If it were,

however, it should not be excluded because it is necessary to
the street system of the borough and is undoubtedly necessary
to its symmetry.   Moreover if the Tasker property is to be
included in the borough the exclusion of the Simes tract would
leave it a piece of detached and isolated territory right in the
centre of the borough.

" The Folsom tract, as before stated, has not been shown to the
satisfaction of the master to be used exclusively for farming
purposes.   Upon viewing it it is difficult to see how it could
be farmed, that is, at least so far as tillage is concerned.   It
appears to have been used some for pasturage.   It is detached
from the main Folsom tract on the north by the Baltimore &
Phila. Railroad, and from the other part of the Folsom lands
lying south of said railroad by Stone creek.   If excluded
it would cut off the Kedron avenue front for a considera-
ble distance, and the borough would be deprived of the control
of the avenue at that point.   In view of all the facts touching
this piece of land, the master is of the opinion that it should
not be excluded.

" As to the Woodlawn tract it was urged that it did not prop-
erly belong to the proposed borough, and that between it and
the village of Moores, farm lands intervened.   The master is
of opinion that this tract properly belongs within the limits
of the proposed borough, and is necessary to its general sym-
metry.   On its east is the Amosland road and beyond this
road lies the borough of Norwood.   It is separated from the
upper portion of Ridley by the Baltimore & Philadelphia Rail-
road, and on its south and west it is bounded by lands to be
included within the limits of the proposed borough.   It is
argued that the territory on the south and west is farm land.
The testimony shows however that this territory is laid out in
building lots and streets, some of which are opened.   If this
tract were excluded the borough would to a considerable
extent be deprived of the control of its streets in that section,
and its general street system would be materially disarranged.
It would also be hindered in making provision for proper access
to Holmes station by the way of the Amosland road.

" The master therefore recommends the dismissal of the excep-
tions and that a decree be made confirming the judgment of the
grand jury and incorporating the borough of Prospect Park in
conformity with the prayer of the petitioners.

Exceptions to the master's report were dismissed, without an opinion filed.

*Errors assigned* were in dismissing exceptions to auditor's report.

*George E. Darlington, Anthony A. Hirst* with him, for appellant, cited: Taylor Borough, 160 Pa. 475; West Philadelphia Borough, 5 W. & S. 281; Blooming Valley Borough, 56 Pa. 69; Edgewood Borough, 130 Pa. 349.

*V. Gilpin Robinson,* for appellee, cited: Millville Borough, 10 Pa. C. C., 322; Edgewood Borough, 130 Pa. 353; Taylor Borough, 160 Pa. 479; act of April 1, 1863, P. L. 200; act of June 11, 1879, P. L. 150; Collingdale Borough, 4 Del. Co., 595; Forty Fort Borough, 4 Kulp, 227; Duquesne Borough, 147 Pa. 63; Tullytown Borough, 1 Dist. Repts. 292; Borough of Blooming Valley, 56 Pa. 69; Edgewood Borough, 130 Pa. 352; Camp Hill Borough, 142 Pa. 511; Borough of Eddystone, 3 Del. Co. Rep. 541.

PER CURIAM, March 5, 1895:

Neither of the specifications of error involves any jurisdictional or other strictly legal question; nor does the record disclose any error or irregularity in the proceedings that would justify a reversal of the decree. The allegations of fact, upon which appellants rely are not sustained. The expediency of granting the prayer of the petitioners and erecting the territory in question into a borough was first duly determined and certified by the grand jury; and the correctness of their conclusion is fully vindicated by the facts afterward found by the learned master. In view of the facts thus established, the decree complained of was fully warranted.

There is nothing in either of the specifications of error that appears to require special notice. As was well said in Millville Borough, 10 Pa. C. C. Rep. 321, the question of necessity or expediency of incorporating a village and adjacent territory into a borough, does not depend so much upon the will of a majority of the freeholders residing outside the limits of the proposed borough, or upon the unanimous consent of those residing with-

in the proposed lines, as it does upon the fact that the advantages to the whole people, as a community, will overbalance the disadvantages. While it may be true in this case, that inclusion, within the borough limits, may not be immediately advantageous to a few, we think the established facts warrant the conclusion that, as to the entire community, the advantages of incorporation will greatly exceed the disadvantages.

Decree affirmed and appeal dismissed with costs to be paid by appellants.